UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| O'NEAL WOODS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 09-1307 |
| DENNY SMITH, Warden, | ) |
| Respondent. | ) |

## ORDER

Now before the Court is Petitioner O'Neal Woods' ("Woods") Motion for Immediate Release From a Federal Sentence pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Motion [#1] is DENIED.

## BACKGROUND

On January 18, 1996, Woods was found guilty of one count of Possession with Intent to Distribute Cocaine Base following a jury trial in the U.S. District Court for the Eastern District of Wisconsin (case no. 95-CR-187). Shortly thereafter, on January 22, 1996, Woods pled guilty to Armed Bank Robbery (Count I) and Carrying a Firearm in Relation to a Crime of Violence (Count II) in a second indictment in the Eastern District of Wisconsin (case no. 95-CR-194).

On April, 11, 1996, Woods was sentenced by Judge J.P. Stadtmueller to a term of 175 months for the single count of Possession with Intent to Distribute Cocaine Base in case no. 95-CR-187. On the same day, the court allowed Woods to withdraw his guilty plea on both counts of the 95-CR-194 indictment and reassigned the case to Judge Rudolph Randa of the Eastern District of Wisconsin. Following a jury trial, Woods was subsequently found guilty of both counts in case 95-CR-194 on January 30, 1997. Judge Randa sentenced Woods to 110 months

imprisonment for the robbery offense (Count I) and 60 months imprisonment for the firearm offense (Count II) on May 7, 1997, with the term for Count II running consecutively to Count I. Judge Randa also noted that the entire sentence will run consecutively to the sentence in Case No. 95-CR-187. (Resp. App. at 10).

On October 31, 2008, the 175 month sentence for the conviction in case no. 95-CR-187 was reduced to 140 months pursuant to 18 U.S.C. § 3582(c)(2). The Bureau of Prisons aggregated the 140 month term for the conviction in case no. 95-CR-187 and the 170 month term for the two count conviction in case no. 95-CR-194 into a 310 month sentence. Woods' projected release date is June 23, 2018.

On December 30, 2008, Woods filed a petition for relief under 28 U.S.C. § 2241 in this court, arguing that the sentences from case nos. 95- CR -187 and 95- CR -194 ran concurrently, and that he is now entitled to immediate release. This court dismissed the motion without prejudice for failing to exhaust all administrative remedies. Having now exhausted said remedies, Woods has filed the instant § 2241 petition, renewing his argument that he is being held in violation of the laws of the United Stated because his concurrent sentences have expired.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490, 03 S.Ct. 1827 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir.1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

Here, Woods believes that the sentence levied in 95-CR-187 encompasses the conduct of case no. 95-CR-194, resulting in two concurrent sentences pursuant to U.S.S.G. § 5G1.2. Thus,

2

because the sentence for 95-CR-187 was reduced to 140 months on October 31, 2008, Woods believes that his continued imprisonment is improper, seeing as he has been incarcerated for 168 months (as of Petitioner's filing). Secondly, Woods asserts that, because the 95-CR-187 sentence includes the offenses in case 95-CR-194, the 170 month sentence imposed by the court on May 7, 1997 "illegally sentences Petitioner for a <u>second</u> time for offenses in case #95-CR-194". (Petitioner's Mem. at 4).

Both of Woods' arguments are predicated on one issue: whether the sentence imposed by Judge Stadtmueller in case no. 95-CR-187 covers multiple counts of conviction. The answer, unequivocally, is no. The judgment entered by Judge Stadtmueller in case no. 95-CR-187 clearly states that the offense for which Woods faced imprisonment was one count of "possession with intent to distribute cocaine base". (Resp. App. at 2). The judgment does not mention any of the conduct involved in 95-CR-194. After reviewing the docket for both cases, it appears that Woods was originally scheduled to be sentenced on April 11, 1996 for three offenses: the January 18, 1996 conviction on a single count in case 95-CR-187 and the two counts in case 95-CR-194 to which he pled guilty on January 22, 1996. However, when the scheduled sentencing date arrived, Woods withdrew his guilty plea on both counts of the indictment in case no 95-CR-194. Thus, at the time of sentencing, Woods was guilty of only one offense: possession with the intent to distribute.

Woods repeatedly references the plea agreement from 95-CR-194 as the basis for his legitimate expectation of concurrency. However, the terms of that agreement were nullified upon Judge Stadtmueller's grant of Woods' motion to withdraw the plea. As a result, any continued reliance on any promises or documents predicated on the 95-CR-194 plea agreement is unavailing. Additionally, the language of Judge Randa's judgment, sentencing Woods for the

3

two count 95-CR-94 conviction one year later, specifically states: "This sentence shall run consecutively to the sentence in Case no. 95-cr-187, U.S. District Court E.D. of Wisconsin". (Resp. App. at 11). This pronouncement is not ambiguous. Woods was sentenced to a 170 month term for a two count conviction, which was to be served consecutively to a 140 month term for a different conviction. In sum, there is simply no indication that the terms of imprisonment for case no. 95-CR-187 (imposed by Judge Stadtmueller) and 95-CR-194 (imposed by Judge Randa) are running concurrently.

As a result, Woods has no legal basis for relief. Because 95-CR-187 is a one count case, U.S.S.G. § 5G1.2 does not apply, and there is no indication that Judge Stadtmeuller's sentence violates U.S.S.G. § 5G1.1. *See* U.S. v. De la Torre, 327 F.3d 605, 609 (7th Cir. 2003). Additionally, Woods' sentence in 95-CR-194 is not illegal under the Fifth Amendment. In short, Woods' continued imprisonment is not in violation of the Constitution or any laws of the United States.

## CONCLUSION

For the reasons set forth herein, Woods' Motion for Immediate Release From a Federal Sentence pursuant to 28 U.S.C. § 2241 [#1] is DENIED. This matter is now terminated.

ENTERED this 4th day of March, 2010.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge