UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| O'NEAL WOODS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 09-1307 |
| | ) |
| DENNY SMITH, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Now before the Court is Petitioner O'Neal Woods' ("Woods") Motion for Reconsideration of the denial of his Motion for Immediate Release from a Federal Sentence pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Motion [#12] is DENIED.

## BACKGROUND

The relevant procedural history is sufficiently set forth in the Court's March 4, 2010, Order denying Woods' Motion for Immediate Release from a Federal Sentence, pursuant to 28 U.S.C. § 2241 [#10]. In his § 2241 motion, Woods argued that he was being held in violation of the laws of the United States because his concurrent sentences had expired. He specifically argued that because the sentence levied in case no. 95-CR-187 encompassed the conduct of case no. 95-CR-194, resulting in two concurrent sentences pursuant to U.S.S.G. § 5G1.2, his 168 months of imprisonment have exceeded his sentence of 140 months[1] in 95-CR-187. He further argued that because the 95-CR-187 sentence included the offenses in 95-CR-194, the 170-month

---

[1] Woods was originally sentenced to 175 months in 95-CR-187, but it was reduced to 140 months pursuant to 18 U.S.C. § 3582(c)(2) on October 31, 2008. *See* 3/4/2010 Order, p. 2.

1

sentence imposed in the latter case was illegal as one sentencing Woods for a second time for the same offenses.

The Court explained that Woods' arguments were predicated on one issue: whether the sentence imposed by Judge Stadtmueller in 95-CR-187 covered multiple counts of conviction. The answer was, and still is, no. In denying Woods' § 2241 motion, the Court explained that U.S.S.G. § 5G1.2 did not apply where Woods was guilty on only one count of only one offense (possession with the intent to distribute) at the time Judge Stadtmueller sentenced him in 95-CR-187. Furthermore, any continued reliance on the plea agreement in 95-CR-194, which Woods contended gave him an expectation of concurrency, was unavailing where his motion to withdraw the plea in that case was granted. Woods filed the instant Motion to Reconsider, continuing to argue that his sentences in 95-CR-187 and 95-CR-194 were to run concurrently, and that he was sentenced to only 175 months in total.

## DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270.

Woods first states that the reasoning of this Court's ruling is conflicting with the first order issued on April 20, 2009. The alleged April 20, 2009 order was certainly not entered by this Court, as Woods did not file his petition in this Court until September 14, 2009. Woods did not attach the order he speaks of, and does not otherwise explain the substance of that order. It

does not, therefore, provide a basis for reconsidering this Court's March 4, 2010, Order denying Woods' § 2241 motion. Woods also challenges the fact that he withdrew his guilty plea in 95-CR-194, and states that he can explain at a hearing why it was the Government that caused Judge Stadtmueller to set aside the plea on April 15, 1996.[2] The information Woods seeks to provide the Court in the suggested hearing is not necessary to resolve the instant motion to reconsider the denial of his § 2241 motion.

In his Motion for Reconsideration, Woods continues to argue that his sentences in 95-CR-187 and 95-CR-194 were to run concurrently. He again argues that because he was committed to the custody of the BOP for a "total term" of 175 months, rather than a "term" of 175 months in 95-CR-187, Judge Stadtmueller intended Woods to serve that total amount of time for both that case and 95-CR-194. These arguments were previously made by Woods in his § 2241 motion, and were rejected by the Court in its March 4, 2010, Order when it determined that Woods had no legal basis for relief. *See* 3/4/2010 Order. Woods' rehashing of these previously rejected arguments is inappropriate in his Motion to Reconsider, and are again rejected based upon the Court's reasoning in its March 4, 2010, Order. Furthermore, the "total term" language in the Judgment is merely form language and does not affect how a judge later sentences the same defendant in a different case.

Woods has attached Judge Randa's January 14, 2008, Decision and Order dismissing, for

---

[2] This Court did not "assume" that Woods withdrew his plea in 95-CR-194 on April 11, 1996, as Woods contends. The docket for 95-CR-194 includes an entry dated 4/11/1996, providing that Woods had filed a motion to withdraw his guilty plea in the case, the motion was denied and court recessed until 4/12/1996, court resumed and again recessed on 4/12/1996 to allow Woods to confer with counsel as to whether he wished to withdraw his guilty plea, and the court set aside the guilty plea entered on 1/22/1996 on both counts. The hearing minutes providing this information were entered 4/15/1996.

lack of jurisdiction, Woods' motion for "modification of classification" in 95-CR-194. *See* Dkt. 12-1, p. 3-4. Woods argues that Judge Randa's Order was a "clarifying" order that stated Woods was sentenced to 175 months' imprisonment in 1997, any ambiguity in the May 7, 1997, sentence in 95-CR-194 was removed, and therefore, his sentences in 95-CR-187 and 95-CR-194 were to run concurrently. This argument is frivolous for a couple of reasons.

First, Judge Randa's attached Decision and Order simply contains a scrivener's error in that it says Woods was sentenced to 175 months' imprisonment following his conviction for armed bank robbery and use of a firearm in 95-CR.194. Woods was actually sentenced to a total of 170 months: 110 months on the Armed Bank Robbery count, and 60 months on the Carrying a Firearm in Relation to a Crime of Violence count. Second, Judge Randa's Decision and Order was not a "clarifying" order, as it did not even reach the merits of Woods' underlying motion for modification of classification. Instead, as Judge Randa explained, Woods' motion for "modification of classification" was just a disguised collateral attack on his conviction and sentence pursuant to § 2255. Judge Randa cited § 2255's requirement that second or successive § 2255 motions must be certified by the appropriate court of appeals in order for the district court to have jurisdiction over them, and ultimately dismissed the motion for lack of jurisdiction. *See* 28 U.S.C. § 2255(h). Therefore, the arguments Woods makes in his Motion to Reconsider based upon Judge Randa's January 14, 2008, Decision and Order are erroneous and misinformed.

Finally, the Court would like to note that Woods previously attempted to bring a § 2255 petition under the guise of a § 2241 petition in 2004 in this Court. This Court determined that Woods did not meet the conditions necessary to seek collateral relief under § 2241, where

Woods was otherwise barred from pursuing further relief under § 2255. He has also attempted to bring several § 2255 petitions stemming from both of his convictions, often labeled as motions for relief pursuant to various statutory provisions other than § 2255. The District Court for the Eastern District of Wisconsin has continually dismissed Woods' disguised § 2255 petitions as unauthorized successive collateral attacks over which the district court has no jurisdiction. The Seventh Circuit Court of Appeals has previously denied Woods' requests for certificate of appealability, noting his numerous failed attempts for collateral relief pursuant to § 2255. Given this Court's most recent denial of Woods' request for relief pursuant to § 2241, he is cautioned against filing further unauthorized requests for relief pursuant to § 2241 and § 2255.

## CONCLUSION

For the reasons set forth above, and in the Court's March 4, 2010, Order denying Woods' § 2241 Motion [#10], Woods' Motion for Reconsideration of the denial of his Motion for Immediate Release from a Federal Sentence pursuant to 28 U.S.C. § 2241 [#12] is DENIED.

ENTERED this 1st day of April, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge